ERIC MOTHANDER
NOAH STEIMEL
Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552
202-435-7321
charles.mothander@cfpb.gov
noah.steimel@cfpb.gov

*Attorneys for Plaintiff Consumer Financial Protection Bureau*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>*Plaintiff*,<br><br>v.<br><br>SNAP FINANCE LLC, SNAP RTO LLC, SNAP SECOND LOOK LLC, SNAP U.S. HOLDINGS LLC, SNAP FINANCE HOLDINGS LLC,<br><br>*Defendants*. | **MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-00462-JNP-JCB<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Consumer Financial Protection Bureau (Bureau) respectfully moves the Court, pursuant to Fed. R. Civ. P. 15(a) and DUCivR 15-1(a), for leave to file the amended complaint attached as Exhibit 1. Specifically, the Bureau seeks leave to amend allegations supporting counts brought under the Consumer Financial Protection Act of 2010 (CFPA) and the Electronic Fund Transfer Act (EFTA) that were dismissed without prejudice by the Court's August 1, 2024 Memorandum Decision and Order on the Snap Defendants' (collectively, Snap) Motion to Dismiss. Dkt. No. 49 (Memorandum Decision and Order).

1

## BACKGROUND

In the Conclusion of its Memorandum Decision and Order, the Court ruled:

Claims one through eight of the CFPB's complaint are **DISMISSED** for failure to state a claim upon which relief can be granted. To the extent, however, that such dismissal turns on the CFPB's failure to plead the use of Snap's legacy lease to finance one-time services under the CFPA or EFTA, however, the dismissal is without prejudice[.]

Memorandum Decision and Order at 31.

Earlier in its Memorandum Decision and Order, the Court noted the following:

[T]he CFPB states, in its opposition memorandum, that "consumers commonly use Snap's Agreements to finance auto repairs . . . which includes services that cannot be physically returned to Snap." Opp'n Mem. at 9-10 (citing Compl. ¶ 67). At oral argument, the CFPB also represented that Snap's legacy lease was used to finance such services as engine repairs or auto collision repairs not attendant to any merchandise.

If this were so, the "credit" analysis above might conceivably be different.

*Id.* at 18. In an accompanying footnote, the Court went on to note:

It is somewhat difficult to imagine how an exchange of value for a (one-time) service could be contemporaneous or substantially contemporaneous if stretched out over the course of twelve months. Additionally, because services can neither be surrendered nor possessed, the significance of the parties' remedial rights in the arrangement is very different from lease arrangements for possession of property.

*Id.* at 18 n.17.

Through this Motion, the Bureau seeks leave to amend its complaint to describe how Snap's lease agreements finance one-time auto repairs and services and meet the definitions of credit found in the CFPA and EFTA.

## ARGUMENT

An amendment in this case is consistent with both the Court's Memorandum Decision and Order and the liberal permissions of Rule 15(a). Under Rule 15, "courts should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

2

Accordingly, under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). As applied here, such relevant factors weigh in favor of permitting the Bureau to file its amended complaint.

### A. The Proposed Amendment is Not the Result of Undue Delay.

As excerpted above, the Court held that, "to the extent . . . [its] dismissal [of Claims one through eight] turns on the CFPB's failure to plead the use of Snap's legacy lease to finance one-time services under the CFPA or EFTA, the dismissal is without prejudice." Memorandum Decision and Order at 31.

The Bureau submits that the Court's dismissal of Counts brought under the CFPA and EFTA indeed turns on this determination that the "CFPB's complaint does not sufficiently allege the financing of services via Snap's legacy lease[.]" *Id.* at 19. Thus, the Bureau's Motion is in response to, and consistent with, the Court's Memorandum Decision and Order.[1] The Bureau is filing this instant Motion within 14 days of that Order, and Snap has not yet filed its answer to the Bureau's original complaint. *See* Dkt. Nos. 50, 51. Nothing in the Bureau's conduct suggests undue delay.

### B. The Proposed Amendment is Not Unduly Prejudicial in this Rule 15 Context.

Courts typically find undue prejudice in this Rule 15 context only when the amendment unfairly affects defendants "in terms of preparing their defense to the

---

[1] The Bureau's amended complaint does not re-allege dismissed Counts V and VI brought under the Truth in Lending Act (TILA), Regulation Z, and the CFPA.

3

amendment." *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006).

The Bureau's amended complaint raises no new significant factual issues beyond those in its original complaint. Rather, the Bureau's amended complaint provides additional details relating to Snap's financing of one-time labor and service costs—specifically auto repairs and services—via its leases. Though the Bureau's original complaint included references to Snap's leases financing "services," the Court determined the Bureau had not included "specific pleading in the complaint regarding what the services-financing arrangement looked like in practice." Memorandum Decision and Order at 18. The Bureau now seeks to add more specific allegations, while also dropping claims brought under TILA, Regulation Z, and the CFPA in light of the Court's Memorandum Decision and Order. *See Wade v. Gaither*, 623 F. Supp. 2d 1277, 1285 (D. Utah 2009) (prejudice rarely occurs "where the defendant already generally has notice of the claims and amendment merely corrects deficiencies rather than adds wholly new claims or factual circumstances.").

Finally, the Bureau's proposed amended complaint would not alter a prior scheduling order or affect any ongoing discovery. Pursuant to Judge Bennett's Order to Propose a Schedule, the issuance of a scheduling order (and the start of discovery) had been delayed pending the resolution of Snap's Motion to Dismiss. *See* Dkt. No. 8 at 1 n.2. Accordingly, at this time, the Bureau's proposed amendment would not require any new or additional discovery.

### C. The Remaining Relevant Factors Weigh in Favor of the Proposed Amendment.

The remaining relevant factors quoted in *Billings*—bad faith, dilatory motive, failure to cure deficiencies by amendments previously allowed, and futility—all support the Bureau's proposed amendment. There is no evidence of bad faith or dilatory motive. Rather, as described above (and as reflected in the record), the Bureau has moved expeditiously following the Court's ruling in seeking to file an amended complaint. And there have been no previously allowed amendments in this case.

Finally, regarding futility, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Here, the Court has observed that, with sufficient allegations that Snap financed auto repairs that included one-time services that cannot physically be returned to Snap, or that Snap financed auto repairs not attendant to any merchandise, the Court's analysis concerning whether Snap's leases meet the definition of "credit" in the appliable statutes might be different. *See* Memorandum Decision and Order at 18 n.17 (discussing *Shaumyan v. Sidetex Co.*, 900 F.2d 16, 18–19 (2d Cir. 1990)).

As reflected in the allegations and attachments accompanying the Bureau's proposed amended complaint, Snap's leases financed auto repairs and services comprised—in whole or in part—of one-time labor or service costs. As alleged in the Bureau's amended complaint, in these auto repair cases, a consumer's scheduled payments, whether over 12 or 18 months, are simply not "substantially contemporaneous" with the value received for such one-time services. *Cf. Shaumyan*, 900 F.2d at 19. Nor can such one-time services be possessed, surrendered, or recalled.

5

*Cf.* Memorandum Decision and Order at 13, 18 n.17. The Bureau's proposed amendments would not be futile in this case.

## CONCLUSION

For these reasons, the Bureau respectfully submits that the Court should grant this Motion and permit the Bureau to file the Amended Complaint attached as Exhibit 1.

Dated: August 15, 2024                    Respectfully submitted,

*/s/* Eric Mothander
Eric Mothander
Noah Steimel
*Enforcement Attorneys*
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
202-435-7321
Charles.Mothander@cfpb.gov
Noah.Steimel@cfpb.gov